NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROSS,**　　　　　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**CACH, LLC,** *et al.*<br><br>　　　　　　　　　　　　　　　Defendants. | Civ. No. 2:14-6321 (WJM)<br><br>**OPINION** |

## **WILLIAM J. MARTINI, U.S.D.J.:**

In this putative class action, Plaintiff Sincarrae Ross, on behalf of herself and those similarly situated, alleges that Defendants CACH, LLC and CACH of New Jersey LLC (collectively, "the CACH Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"). This matter comes before the Court on the CACH Defendants motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). For the reasons set forth below, the motion to compel arbitration is **DENIED WITHOUT PREJUDICE**. The parties will be ordered to engage in limited discovery as to whether a valid agreement to arbitrate exists. Following discovery, the CACH Defendants may renew their motion, which this Court will assess under a Rule 56 summary judgment standard.

### I.  BACKGROUND

Plaintiff Sincarrae Ross, on behalf of herself and those similarly situated, has filed a putative class action complaint alleging violations of the FDCPA. (Complt. at ¶4.) The Complaint states that CACH, LLC ("CACH") and CACH of New Jersey, LLC ("CACH NJ") are "debt buyer[s] and/or debt collector[s]" located in Denver, Colorado. (Complt. at ¶5-9). In 2014, CACH NJ filed a lawsuit against Ross in state court seeking to collect an alleged debt deriving from a GE Money Retail Bank credit card account "for which Plaintiff was allegedly responsible for an outstanding balance." (Complt. at ¶12-17). The Complaint states that CACH NJ claims to have purchased the alleged debt from CACH, who had previously purchased it from another entity. (Complt. at ¶12-15).

Ross alleges that the CACH Defendants have engaged in various forms of wrong doing in connection with the alleged debt that is the subject of the state court action. For example, she alleges that both CACH Defendants contemporaneously claimed ownership to the alleged debt, which would "confuse the least sophisticated consumer…" (Complt. at ¶39). Ross further alleges that "neither Defendant possessed a license…to charge and collect interest" and that "neither Defendant is entitled to collect payment for any consumer loan." (Complt. at ¶45). In light of these allegations, Ross asserts that the CACH Defendants have violated the FDCPA.

In response to the Complaint, the CACH Defendants have filed the instant motion to compel arbitration. The CACH Defendants argue that Ross owed a debt to GE Capital Retail Bank (hereinafter, "GE Capital"), which was ultimately assigned to CACH NJ. They further contend that the original creditor-debtor relationship between GE Capital and Ross was governed by a credit card agreement (hereinafter "the Credit Card Agreement" or "the Agreement") that contained the following arbitration provision:

> ARBITRATION PROVISION. Please read this arbitration provision carefully. IT PROVIDES THAT ANY PAST, PRESENT OR FUTURE LEGAL DISPUTE OR CLAIM OF ANY KIND…THAT RELATE IN ANY WAY TO YOUR ACCOUNT, CARD OR YOUR RELATIONSHIP WITH US ("CLAIM") WILL BE RESOLVED BY BINDING ARBITRATION IF EITHER YOU OR WE ELECT TO ARBITRATE

According to the CACH Defendants, the Credit Card Agreement and its arbitration clause became binding once Ross used her credit card. Additionally, they allege that Ross never indicated her intent to reject or opt out of any terms in the Agreement.

## II. DISCUSSION

The parties appear to agree that the FAA governs the instant motion to compel arbitration. Before compelling arbitration pursuant to the FAA, a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). In this case, the parties disagree as to whether a valid agreement to arbitrate exists: the CACH Defendants contend that Ross agreed to arbitrate this dispute by entering into the Credit Card Agreement; Ross, on the other hand, does not recall ever receiving the Agreement and argues that the CACH Defendants have failed to submit sufficient evidence demonstrating that she received the Agreement prior to using her credit card. According to Ross, the Court must decide the motion pursuant to a Rule 56 standard after it allows her to pursue discovery on whether a valid agreement to arbitrate exists. Unsurprisingly, the CACH Defendants argue that the Court should decide the motion without first affording Ross an opportunity for discovery.

In *Guidotti v. Legal Helpers Debt Resolution*, LLC, 716 F.3d 764 (3d Cir. 2013), the Third Circuit explained when a court can consider a motion to compel arbitration pursuant to a Rule 12(b)(6) standard without ordering discovery and when it must consider such a motion under a Rule 56 standard after some discovery has concluded:

> When deciding a motion to compel arbitration, a Rule 12(b)(6) standard is inappropriate when either [1] the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate, or [2] the opposing party has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did.

If either of those scenarios is in play, the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists. *Id*. at 774 (citing *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 511 (7th Cir. 2003)). Under *Guidotti*, the Court cannot decide the motion without first ordering discovery because the Complaint does not have the requisite clarity to establish on its face that the parties agreed to arbitrate. *Id*. ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record.") Ross' complaint makes no reference to the Credit Card Agreement; it does not attach the Credit Card Agreement as an exhibit; and it does not base its FDCPA claim on the existence of the Agreement. *See, Golden Gate Nat. Seniorcare, LLC v. Lane*, No. 3:CV-14-1957, 2015 WL 926432, *6 (M.D.Pa. Mar. 4, 2015) (ordering discovery under *Guidotti* where the plaintiff's complaint did not mention or attach as an exhibit the alleged agreement containing the arbitration provision); *GGNSC Equity Holdings v. Breslin*, No. 1:14-MC-00450, 2014 WL 5463856, *6 (M.D.Pa. Oct. 27, 2014) (same).

In short, the face of Ross' Complaint does not establish an agreement to arbitrate. Therefore, the Court need not reach step two of the *Guidotti* inquiry, *i.e.*, it need not decide whether Ross has put forth credible evidence that she did not intend to be bound by the arbitration agreement.[1] Because an agreement to arbitrate cannot be gathered from the face of the Complaint, the Court will deny the motion without prejudice, order limited discovery on whether an agreement to arbitrate exists, and if necessary, entertain a future motion to compel arbitration under a summary judgment standard.

---

[1] The CACH Defendants point out that Ross does not affirmatively deny receiving the Agreement that contains the arbitration provision; instead she only states that she does not recall receiving it. While this argument may bear on whether Ross can put forth more than a naked assertion that she did not agree to arbitrate, *i.e.*, step two of the *Guidotti* inquiry, it does not change the fact that her Complaint does not establish that this dispute is subject to arbitration. Thus, even if the CACH Defendants' point has merit (which this Court need not decide here), the Court is compelled under *Guidotti* to order limited discovery before deciding the motion.

### III.    CONCLUSION

For the foregoing reasons, the motion to compel arbitration is **DENIED WITHOUT PREJUDICE**.  The parties are to engage in discovery on the narrow issue of whether an agreement to arbitrate exists.  Discovery on the issue shall be concluded no later than May 13, 2015.  Defendants are permitted to re-file their motion to compel following the completion of discovery.


                                                          /s/ William J. Martini
                                                  **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 1st, 2015**